**Daniel SHEA, Plaintiff,**

v.

**Scott A. BRISTER, Defendant.**

**Civil Action No. H–97–4026.**

United States District Court,
S.D. Texas,
Houston Division.

Nov. 13, 1998.

Peter J. Riga, Houston, TX, for Plaintiff.

Terence L. Thompson, Office of Attorney General, Austin, TX, Richard C Geisler, Jr, Office of Attorney General, Austin, TX, for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion for Summary Judgment filed by the defendant Scott A. Brister ("Brister"). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

Plaintiff Daniel Shea ("Shea") filed this lawsuit against defendant Scott A. Brister ("Brister") seeking a permanent injunction prohibiting Brister from displaying a copy of the Ten Commandments in his courtroom. Brister is a Texas state district court judge presiding over the 234th Judicial District Court, Harris County, Texas. Shea is an attorney licensed to practice law by the State of Texas. According to the complaint, the copy of the Ten Commandments displayed in Judge Brister's courtroom violates Shea's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Specifically, the complaint alleges that Brister's display of the Ten Commandments:

is a direct challenge to the Due Process principles of *stare decisis* and the institutional integrity of the constitutionality created courts of the United States. In short, the display suggests to jurors that there is a specific source of law, other than the law given them in the jury charge, that they may take into consideration as they reach their verdict. It suggests to the jurors that the admonitions given to them to refrain from reference to law books, dictionaries, personal knowledge, sympathy, concern for outcome, decision by lot or chance, and the like are not to be followed strictly, and indeed, that there is specific exception to that admonition—which they see on the wall of the courtroom.

*See* Plaintiff's Brief in Support of Permanent Injunctive Relief at 4. Shea further argues that Brister's actions in hanging and maintaining a copy of the Ten Commandments in his courtroom violates the Establishment Clause of the Constitution. *Id.* at 7 ("[w]hen a judge displays religious art, it is a religious act advanced by the state and not merely a personal expression of faith.") Finally, Shea argues his due process rights have been violated because Brister's displaying of the Ten Commandments in the Courtroom impinges on the jury's ability to engage in rational analysis based solely on the facts of the case. Jurors may be influenced by the Ten Commandments so that they may not follow their secular duty but might be swayed by the religious underpinnings of the display. Shea seeks to permanently enjoin Brister from displaying the Ten Commandments in his courtroom.

According to the uncontradicted affidavit of Brister, the copy of the Ten Commandments at issue is a 12.5″ × 15.5″ framed copy of the Ten Commandments that was given to Brister as a gift by one of the members of a church he had previously attended. The display has been hanging in Brister's courtroom since approximately August 7, 1996. The display hangs on the west wall of the courtroom, in the spectator's gallery and not far from the courtroom entrance. The display cannot be seen through the windows from the main hallway. *See* Affidavit of Brister at ¶¶ 3–6.

*Standing*

Brister argues that Shea does not have standing to challenge the Ten Commandments displayed in his courtroom. Shea argues that he has standing in this case because: he is a taxpayer in Harris County, Texas; he is an attorney who principally practices law in the district courts of Harris County, Texas and is subject at any time to assignment to the 234th Court by random

computer draw; he is a resident of Harris County, Texas and is subject to the jurisdiction of Brister's court; and he is an attorney who has taken an oath to support the Constitution and therefore he has standing to see that the Constitution is upheld. He does concede that if he cannot establish personal standing, summary judgment must be granted.

Article III of the United States Constitution authorizes the federal courts to decide only actual cases and controversies. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). To satisfy for the standing requirement, a litigant must demonstrate:

(1) that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant;

(2) that the injury "fairly can be traceable to the challenged action"; and

(3) that the injury "is likely to be redressed by a favorable decision." *Murray v. Austin*, 947 F.2d 147, 151 (5th Cir.1991) (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). In deciding whether it has standing, a court must also consider: (1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; (2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and (3) whether the plaintiff is asserting his own legal rights and interests rather than the legal rights and interests of third parties. *Id.* Thus, a mere abstract objection to unconstitutional conduct is not sufficient to confer standing. Such a permissive standing requirement "would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of concerned bystanders' or turn the courts into judicial versions of college debating forums." *Valley Forge*, 454 U.S. at 473, 102 S.Ct. 752 (quoting *United States v. SCRAP*, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)).

Brister argues that Shea's status as a taxpayer does not confer standing because no expenditure of public revenues were utilized in connection with the acquisition, installation, preservation, maintenance, or display of the copy of the Ten Commandments in his courtroom. The Court agrees. The total absence of any connection between public funds and the display challenged is fatal to Shea's argument that he has standing as a taxpayer. *See Freedom From Religion Foundation v. Zielke*, 845 F.2d 1463, 1470 (7th Cir.1988) (stating that "[a] plaintiff's status as a municipal taxpayer is irrelevant for standing purposes if no tax money is spent on the allegedly unconstitutional activity.") Accordingly, Shea's status as a taxpayer in Harris County, Texas is insufficient for standing purposes.

Brister next argues that the mere possibility of Shea's threatened exposure to the Ten Commandments in the courtroom in the future is insufficient to support standing. According to Brister, the Fifth Circuit has determined that in order to satisfy federal standing requirements, a plaintiff must establish threat of an immediate harm or continuing injury before the federal courts will approve injunctive relief against state judicial officers. *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992).

In *Herman*, the court held that atheists called for jury service who refused to "swear or affirm" their answers to jury selection questions did not demonstrate sufficient standing to obtain prospective injunctive relief challenging the state process by virtue of the fact that they might be called to jury service in the future by the same judge. 959 F.2d at 1285–86. Shea contends *Herman* is inapplicable because the plaintiffs in *Herman* were arguing within the judicial process itself that they might be called to jury service. According to Shea however, the Ten Commandments display in this case has nothing to do with the workings of a judicial process.

The Court determines that *Herman* is applicable. While the facts in *Herman* are different from the facts in this case, the underlying rationale in *Herman i.e.,* that the

plaintiff has no standing, is pertinent here. The plaintiff in *Herman* did not have standing because the possibility that she might be called before Judge Herman as a prospective juror and that Judge Herman would again exclude her from jury service for failure to take the oath and jail her for contempt was too speculative. Similarly, the mere possibility that one of Shea's cases might be assigned to Judge Brister's Court, or that he might one day be a litigant or prospective juror in the case is entirely conjecture. "We must not shrink from our duty to decide a controversy, but that duty includes faithful obedience to the limits of our mandate. It is beyond our mandate to issue prospective injunctive relief every time a state actor arguably infringes a constitutional right." *Herman*, 959 F.2d at 1286.

The possibility that Shea, as an attorney, could be randomly assigned to Brister's court is too speculative to satisfy standing as a matter of law. At present, Shea has no pending cases in Brister's court. In fact, Shea has never been required to appear as an attorney in Brister's court during the time the Ten Commandments have been displayed. Further, there are twenty five district courts in Harris County that hear civil cases. That Shea might be required to appear as an attorney, litigant, or juror in Brister's courtroom anytime in the near future is certainly not "imminent" and is hypothetical or conjectural. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" to establish standing for future injunctive relief).

Shea contends that if he "does not have standing to sue in this matter, in reality, no one shall have standing to sue and an ongoing unconstitutional practice will be allowed to continue. . . ." Notwithstanding this assertion, Shea (acting as counsel for the plaintiff) recently has filed a complaint for temporary restraining order and for permanent injunction against Brister in the case styled *James Guetersloh v. Scott Brister*, H–98–cv–3562 (S.D.Tex. filed on October 26, 1998). That complaint also seeks the removal of the Ten Commandments from Brister's courtroom. The complaint states (more appropriately) that the plaintiff James Guetersloh is, at present, a *litigant* in Brister's Court. Shea apparently believes that Guetersloh has standing in that case. Thus, the argument that no one else could have standing in this case, if Shea does not, is not convincing.

■ Shea's third theory of why he has standing in this case, *i.e.* that as a resident of Harris County he is subject to the jurisdiction of Brister's court pursuant to Texas law, is not applicable. Brister argues that the mere threat that Shea might be a litigant in a lawsuit that is assigned to Brister's court is too speculative to satisfy standing. The Court agrees and determines that Shea's status as a resident in Harris County, Texas, who may at some future time be subject to the jurisdiction of Brister's court, is too speculative to satisfy standing.

■ Finally, Shea argues that his status as an attorney sworn to uphold the Constitution endows him with standing. However, in *Valley Forge*, the seminal decision on standing in Establishment Clause cases, the United States Supreme Court has clearly affirmed that the Article III requirements of standing are not satisfied by the "abstract injury in nonobservance of the Constitution asserted by the citizens." *Valley Forge*, 454 U.S. at 482, 102 S.Ct. 752. The Supreme Court "repeatedly has rejected claims of standing predicated upon the rights possessed by every citizen, to require that the Government be administered according to the law." *Id.* (citations omitted). Shea's taking an oath to support the Constitution does not afford him any distinction to air generalized grievances before this Court. As such, Shea's status as an attorney who has taken the oath does not alone give him standing in this case.

At least two other courts confronted with challenges to Ten Commandments displays in public forums have found that the plaintiffs in those cases had standing. In *Harvey v. Cobb County, Georgia*, 811 F.Supp. 669 (N.D.Ga.1993), *aff'd without opinion*, 15 F.3d 1097 (11th Cir.1994), *cert. denied*, 511 U.S. 1129, 114 S.Ct. 2138, 128 L.Ed.2d 867 (1994), the copy of the Ten Commandments was a

three-by-five foot framed panel that hung alone in an alcove above a marble bench near the traffic court courtrooms and the clerk's office on the first floor of the Cobb County State Court Building. *Harvey*, 811 F.Supp. at 671. The plaintiff's law practice required him to enter the state building and "because of the location of the panel, [brought] him into direct contact with the panel." *Id.* at 674. In finding that the plaintiff did have standing, the court noted: "plaintiff Harvey comes into direct contact with the alleged offensive conduct. . . ." *Id.* at 675.

Similarly, in *Suhre v. Haywood County, North Carolina*, 131 F.3d 1083 (4th Cir.1997), the plaintiff challenged the display of the Ten Commandments on the wall behind the judge's bench in the main courtroom of the Haywood County Courthouse. *Suhre*, 131 F.3d at 1084. The courtroom is used for both the County's Superior and District courts. *Id.* at 1084–85. The plaintiff, Suhre, had been a litigant in several actions which involved hearings in the courtroom. The courtroom is also used for a variety of public and governmental meetings. For example, the County Commissioners hold their annual public budget hearings in the courtroom, including a public hearing on road maintenance, a meeting of the County agricultural department regarding land use rules, a public meeting about the noise control ordinance, and a public meeting held by a candidate for state legislature. *Id.* at 1085.

In finding that the plaintiff did have standing, the Fourth Circuit noted that "Suhre has had two kinds of direct contacts with the Ten Commandments display, both as a user of the courts and as a participant in local politics and government." *Id.* at 1090. The Court did not, however, base standing solely on the plaintiff's past contact with the display.

> Suhre has stated an unmistakable intention to participate in the future judicial and municipal business at the courthouse when the occasion arises. Unlike the series of 'incredible assertions' necessary to give Lyons standing, Suhre asserts, quite plausibly, that the County will in the future hold another public meeting in the Ten Commandments courtroom; that he will be invited to this meeting a member of the Haywood County community; and that he will elect to attend.

*Id.* at 1091.

In both *Harvey* and *Suhre* the plaintiffs' contact with the Ten Commandments display was direct. In *Harvey*, the Ten Commandments were displayed in the main lobby of the courthouse and not in a courtroom. Thus, as an attorney, each time Harvey walked into the courthouse he was confronted by the display. In *Suhre*, the Ten Commandments were displayed in a courtroom rather than in the main hallway of the courthouse. However, the courtroom was used not only for judicial process but also as a "municipal auditorium." Further, Suhre had been a litigant in the Ten Commandments courtroom. Thus, both of these plaintiffs, in contrast to Shea, had and would continue to have direct exposure to the display. On the other hand, Shea's contact may be characterized as "casual or remote contact [that] will not suffice to establish standing in a religious display case." *Suhre*, 131 F.3d at 1091 (quoting *Valley Forge*, 454 U.S. at 486–87, 102 S.Ct. 752).

Thus, the Court determines that it has no jurisdiction to hear this case as Shea does not have standing to seek prospective injunctive relief against Brister. Accordingly, based on the foregoing, the Court hereby

ORDERS that the Motion for Summary Judgment is GRANTED and a judgment be entered in favor of the defendant. .